IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFREY L. ANSON, ) | |
| ) | |
| Plaintiff, ) | 8:07CV322 |
| ) | |
| vs. ) | ORDER |
| ) | |
| H.E.L.P. FOUNDATION OF OMAHA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the plaintiff's Motion for Leave to File Amended Complaint (Filing No. 19) and the defendant's Motion to Quash Subpoena Duces Tecum and for Protective Order (Filing No. 33). The plaintiff filed a brief (Filing No. 20), an index of evidence (Filing No. 21), and a draft of the Amended Complaint (attached to motion) in support of the motion to amend. The defendant filed a brief (Filing No. 35) in opposition to the plaintiff's motion to amend and, on the same day, filed the motion to quash. The plaintiff filed a single brief (Filing No. 37) and an index of evidence (Filing No. 38) as a reply in support of the motion to amend and in opposition to the motion to quash.

## BACKGROUND

This case arises from the employment relationship between the parties. The plaintiff alleges age, gender and retaliatory discrimination in violation of federal and state statutes. **See** Filing No. 1 - Complaint. The plaintiff alleges he was a 47 year old male employee of the defendant. *Id.* ¶ 8. The plaintiff alleges he was hired in January 2004 to manage the defendant's businesses. *Id.* ¶ 10. The plaintiff states he began managing Bogeys Sports Dome, but was told he would eventually be assigned to another business. *Id.* The plaintiff states that, in the spring of 2004, one of the defendant's owners, Arun Agarwal, sent a memo to the general manager stating he should hire "waitressy" types and stay away from old men. *Id.* ¶12. The plaintiff alleges additional similar comments were made by Mr. Agarwal, and soon thereafter the plaintiff's hours were decreased and four younger people were hired. *Id.* ¶¶ 13-14. The plaintiff was later terminated in July 2004. *Id.* ¶ 16.

The plaintiff filed the complaint on August 20, 2007.  **See** Filing No. 1.  The plaintiff filed a charge against the defendant with the Equal Employment Opportunity Commission (EEOC) and the Nebraska Equal Employment Opportunity Commission on September 8, 2004, which was amended on July 6, 2005.  *Id.* ¶ 4; Filing No. 21 Ex. 1(C) - 1(D).  On June 16, 2007, the plaintiff received a right to sue letter.  Filing No. 1 ¶ 5 and Ex. A.  The letter was copied to corporate counsel for the "Help Foundation."  *Id.*

On September 10, 2007, the defendant filed an answer.  **See** Filing No. 6.  In the defendant's answer, it stated, "Defendant is not an employer as defined by Title VII, the Age Discrimination in Employment Act, or the Nebraska Fair Employment Practices Act." *Id.* ¶ 4.  On December 28, 2007, the defendant filed a motion for summary judgment arguing, that "during the period of January 2003 to December 2004, the HELP Foundation employed fewer than fifteen (15) employees.  Accordingly, it is not an 'employer' pursuant to either federal or state equal opportunity laws; therefore, the Plaintiff cannot state a viable cause of action under state or federal law."  **See** Filing Nos. 16, 17.  The plaintiff's response to the defendant's motion for summary judgment is now due March 18, 2008.  **See** Filing No. 36.

On January 4, 2008, the plaintiff filed the instant motion to amend the complaint seeking to add Rani Sati Corporation (Rani Sati) as a defendant.  **See** Filing Nos. 19-20.  The plaintiff alleges Rani Sati served as a joint employer of the plaintiff.  *Id.*  When the plaintiff amended his EEOC/NEOC charge on July 6, 2005, he included Rani Sati as a respondent.  **See** Filing No. 21, Ex. 1 - Anson Aff. ¶ 6; Ex. 1(D).  The plaintiff states he received payroll checks issued from the defendant, but that the Nebraska Department of Labor Workforce Development determined the plaintiff's most recent employment was with Rani Sati, for purposes of unemployment benefits.  *Id.* Ex. 1 - Anson Aff. ¶ 7; Ex. 1(E) - Letter dated Oct. 6, 2005.  The plaintiff states his failure to list both H.E.L.P. Foundation and Rani Sati as defendants in this case was inadvertent and he believes both companies acted as his employer.  *Id.* Ex. 1 - Anson Aff. ¶¶ 8-9.  This is because the defendant has recently filed evidence which suggests the plaintiff was not an employee of the defendant, in the defendant's attempt to show less than fifteen employees.  Further, the plaintiff states both companies have the same business address and share corporate officers.  Finally,

the plaintiff mentions the defendant has failed to cooperate in the discovery process by providing employment records and responses to written discovery. The discovery requests were served by the plaintiff on November 12, 2007. The deadline for the plaintiff to file any motions to amend pleadings or add parties was December 1, 2007. **See** Filing No. 11.

The defendant argues the plaintiff's motion to amend was untimely filed and is futile. **See** Filing No. 35. Additionally, the defendant and Rani Sati argue a deposition notice served by the plaintiff on Rani Sati should be quashed. **See** Filing No. 33.

## ANALYSIS

### A.   Motion to Amend

Under Federal Rule of Civil Procedure 15(a), a court should grant leave to amend freely "when justice so requires." "However, denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." ***U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.***, 441 F.3d 552, 557 (8th Cir. 2006) (internal citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be prejudicial. **See *Sokolski v. Trans Union Corp.***, 178 F.R.D. 393, 396 (E.D.N.Y. 1998). There is no absolute right to amend. ***Doe v. Cassel***, 403 F.3d 986, 990 (8th Cir. 2005). Whether to grant a motion for leave to amend is within the sound discretion of the district court. ***Gamma-10 Plastics, Inc. v. Am. President Lines***, 32 F.3d 1244, 1255 (8th Cir. 1994).

The plaintiff's motion to amend is outside the deadline initially imposed by the court by one month. The plaintiff argues the timing of the motion is justified by the defendant's failure to cooperate in discovery. However, the court notes the defendant's initial discovery responses were not due until *after* the plaintiff's deadline had already passed. Next, the plaintiff contends the untimely amendment is justified by excusable neglect under Federal Rule of Civil Procedure 6(b). The plaintiff contends he has been led to believe, based on his payroll checks, the EEOC/NEOC documents and investigation, and the defendant's discovery responses, that the plaintiff was employed by the defendant. In any event, the plaintiff contends there is no delay because this matter is in the early stages of discovery. Finally, the plaintiff contends the defendant and proposed defendant will suffer no or

prejudice as they are represented by the same counsel and corporate officers.  The court finds the plaintiff has shown an absence of bad fath and that good cause and/or excusable neglect justifies the brief delay in filing the motion to amend.  **See** Fed. R. Civ. P. 16(b).

The defendant contends the plaintiff's proposed amendment would be futile.  Leave to amend "may be denied if an amendment would be futile."  ***Stricker v. Union Planters Bank, N.A.***, 436 F.3d 875, 878 (8th Cir. 2006).  However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses."  ***Gamma-10 Plastics***, 32 F.3d at (quotations and citations omitted).  Further, "likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face."  ***Becker v. Univ. of Neb.***, 191 F.3d 904, 908 (8th Cir. 1999); ***Sokolski v. Trans Union Corp.***, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted).  "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile."  ***Sokolski***, 178 F.R.D. at 396 (citations omitted).  The court is mindful of the liberal policy toward amendments and "the underlying  purpose of Rule 15--to facilitate decision on the merits rather than on the pleadings or technicalities."  ***Sharper Image Corp. v. Target Corp.***, 425 F. Supp. 2d 1056 (N.D. Cal. 2006) (internal citation omitted); **see** ***Monahan v. New York City Dep't of Corr.***, 214 F.3d 275, 283 (2d Cir. 2000).  "[I]f the alleged futility is based on factual issues which are in dispute, leave to amend should not be denied."  ***Santiago v. Steinhart***, 1993 WL 410402 *1, 2 (S.D.N.Y. 1993).

The defendant asserts the claims against Rani Sati are time barred because the plaintiff failed to pursue the claims within ninety (90) days of his receipt of the right to sue letter from the EEOC.  **See** Filing No. 35.  The plaintiff asserts the claims in the amended pleading relate back to the original complaint because the proposed claims "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  **See** Filing No. 20 - Brief p. 4-5 (**citing** Fed. R. Civ. P. 15(c)).  Further, the plaintiff contends he is merely curing an inadvertent error in naming a party defendant.

The court finds there is an issue in this matter about who was the plaintiff's employer.  The plaintiff's claims against both entities are identical.  Both entities have had knowledge of the allegations through the EEOC investigation and the filing of the federal

4

lawsuit. Under these circumstances, the plaintiff's amended complaint relates back to the original complaint under Rule 15(c). **See Roberts v. Michaels**, 219 F.3d 775, 779 (8th Cir. 2000) (finding misnomer curable in Title VII action, particularly where defendant may have attempted to mislead the plaintiff about proper identity). The defendant fails to meet its burden of showing it would be legally futile to allow the plaintiff to amend the complaint to include Rani Sati as a defendant.

### B.   Motion to Quash

The defendant and Rani Sati seek to quash the Rule 30(b)(6) Deposition Notice and Subpoena Duces Tecum issued to Rani Sati on January 4, 2008. **See** Filing No. 33. The movants rely on the filings related to the motion to amend in support of the motion to quash. The plaintiff served the defendant a deposition notice on the same date he filed the motion to amend. **See** Filing No. 22 - Certificate of Notice. The notice states the plaintiff will take the deposition of Rani Sati pursuant to Rule 30(b)(6) and includes a subpoena duces tecum for documents and information related to the plaintiff's employment with Bogeys Sports Dome, among other items. *Id.*

In light of the court's determination that the plaintiff may amend the complaint to include Rani Sati as a defendant, the motion to quash is denied. However, the parties shall confer to reschedule the deposition to occur at a mutually agreeable time. Upon consideration,

**IT IS ORDERED:**

1.   The plaintiff's Motion for Leave to File Amended Complaint (Filing No. 19) is granted. The plaintiff shall have to **on or before February 19, 2008**, to file the Amended Complaint, which relates back to the original complaint pursuant to Rule 15(c).

2.   The defendant's Motion to Quash Subpoena Duces Tecum and for Protective Order (Filing No. 33) is denied.

DATED this 7th day of February, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

5